IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FRANKIE JAE LORDMASTER, ) | Civil Action No. 7:13-cv-00506 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| AUGUSTA CORRECTIONAL ) | | |
| CENTER PERSONNEL, et al., ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

Frankie Jae Lordmaster, a Virginia inmate proceeding pro se, filed an Amended Complaint pursuant to 42 U.S.C. § 1983, naming various staff of the Virginia Department of Corrections and the Augusta Correctional Center ("ACC") as defendants. All but two defendants filed a motion for summary judgment, and Plaintiff responded, making the matter ripe for disposition. After reviewing the record, the court will grant the motion for summary judgment filed by defendants Hinkle, Jennings, Wheeler, Linkenholker and Shifflet because Plaintiff did not exhaust available administrative remedies.[1]

I.

Plaintiff generally alleges four claims in the Amended Complaint. First, Plaintiff told defendants Warden Jennings, Regional Director G. Hinkle, Building C/D Sergeant, and Building C/D Lieutenant that he did not get along with his cellmate and his cellmate later attacked him. Second, defendant Lt. Wheeler tackled Plaintiff during a prison lockdown. Third, defendant Officer Linkenholker painfully bent Plaintiff's wrist while escorting Plaintiff to a segregation cell. Fourth, defendant Officer Shifflet aggressively manipulated Plaintiff's head while escorting Plaintiff to a segregation cell. Plaintiff does not describe when these alleged events occurred.

---

[1] Service has not yet been accomplished on defendants Building C/D Sergeant and Building C/D Lieutenant due to Plaintiff's unwillingness to describe them. However, Plaintiff failed to exhaust administrative remedies for the claim related to these two defendants, and the claims against them are dismissed without prejudice, pursuant to 28 U.S.C. § 1915A.

During his confinement at ACC between July 8, 2010, and January 30, 2013, Plaintiff filed one related grievance on April 18, 2012, alleging that Officer Linkenholker made unprofessional comments and placed him at risk. The grievance was denied as unfounded, and Plaintiff did not appeal that determination.

## II.

Defendants argue that Plaintiff failed to exhaust his administrative remedies. Liberally construed, Plaintiff argues in response that any failure to exhaust was due to his unspecified fear of retaliation and his transfer from ACC to Sussex II State Prison ("Sussex II"). After reviewing the record, the court finds that Plaintiff did not exhaust available administrative remedies.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983] . . ., by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id. However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality."[2] Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

---

[2] An inmate's failure to exhaust is an affirmative defense that a defendant has the burden to prove. Jones v. Bock, 549 U.S. 199, 216 (2007). Once a defendant presents evidence of a failure to exhaust, the burden of proof

VDOC Department Operating Procedure ("OP") 866.1, the "Offender Grievance Procedure," provides the administrative remedies for inmates to resolve complaints, appeal administrative decisions, and challenge policies and procedures.[3] The process provides correctional administrators means to identify potential problems and, if necessary, correct those problems in a timely manner.

An inmate must make a good faith effort to informally resolve the issue by submitting an informal complaint form, which is available in housing units. If the issue is not informally resolved, the inmate must file a grievance within thirty calendar days from the date of the occurrence or incident. A properly-filed grievance may receive three levels of review. A facility's warden or superintendent conducts the first, "Level I" review. If the warden or superintendent does not grant relief, the inmate may file an appeal to Level II, which is usually done by a regional director. For most issues, Level II is the final level of review. For the few issues appealable to Level III, the Deputy Director or Director of the VDOC conducts the final administrative review. Copies of processed informal complaints, grievances, and appeals are maintained in an inmate's grievance file.

Plaintiff's uncontested grievance record establishes that he failed to exhaust available administrative remedies for his claims because he did not appeal the Level I response about Officer Linkenholker to Level II and never filed any other relevant grievance. Plaintiff fails to substantiate how his alleged fear of retaliation made administrative remedies unavailable, and his conclusory allegation of retaliation is not persuasive. See Adams v. Rice, 40 F.3d 72, 74 (4th

---

shifts to the plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the plaintiff. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011).

[3] All issues are grievable except issues about policies, procedures, and decisions of the Virginia Parole Board; disciplinary hearing penalties and/or procedural errors; state and federal court decisions, laws, and regulations; and other matters beyond the VDOC's control.

Cir. 1994) (noting an inmate must present more than conclusory allegations of retaliation and that inmates' claims of retaliation are generally regarded with skepticism because every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct). Furthermore, Plaintiff incorrectly believes he was relieved of pursuing administrative remedies about conduct at ACC when he was transferred to Sussex II. OP 866.1 specifically states, "If the [inmate] has been transferred, the [inmate] should submit the informal complaint and subsequent grievance to the facility where the issue originated." OP 866.1 § VI(A)(2)(b). Accordingly, the court finds that administrative remedies were available to Plaintiff and that he failed to exhaust them.

### III.

For the foregoing reasons, the court grants defendant Hinkle, Jennings, Wheeler, Linkenholker and Shifflet's motion for summary judgment for failure to exhaust available administrative remedies. The court also dismisses the claims against defendants Building C/D Sergeant and Building C/D Lieutenant without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

Entered: July 9, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge